STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-745

MELINDA KELLER AND JOSEPH KELLER

VERSUS

SALVADOR MESSINA, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-4108
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED.

Adam L. Ortego, Jr.
Assistant Attorney General
Louisiana Department of Justice
Division of Risk Litigation
901 Lakeshore Drive, Suite 820
Lake Charles, LA 70601
(337) 491-2844
COUNSEL FOR DEFENDANTS/APPELLANTS:
Salvador Messina
State of Louisiana, Department of State Police

Michael K. Cox
Cox, Cox, Filo & Camel
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
COUNSEL FOR PLAINTIFFS/APPELLEES:
Melinda Keller
Joseph Keller

AMY, Judge.

The plaintiff alleges injury after her vehicle was struck from behind by a patrol unit driven by the defendant State Trooper. She filed a motion for partial summary judgment, seeking to establish the defendants' liability for the accident. The trial court granted the summary judgment. The defendants appeal. For the following reasons, we affirm.

**Factual and Procedural Background**

The record indicates that on the date of the accident at issue, January 24, 2003, Melinda Keller was traveling on Luke Powers Road in Calcasieu Parish. According to Louisiana State Trooper Salvador Messina, he observed Mrs. Keller's vehicle and noted that it appeared to be drifting. Believing that the vehicle's driver might be impaired, he pulled his vehicle over, entered Mrs. Keller's license plate number into his computer, and then again pulled onto the roadway behind Mrs. Keller's vehicle.

Trooper Messina explained that he looked in his side view mirror and then his rear view mirror in order to observe a passing truck that he thought lacked an inspection tag. When he again looked to the roadway ahead of him, Mrs. Keller's vehicle was stopped in the roadway. Mrs. Keller explained that she was attempting to execute a left turn. Trooper Messina's patrol vehicle struck Mrs. Keller's vehicle from the rear.

Mrs. Keller filed suit, alleging injury as a result of the accident. Mrs. Keller's husband and Mrs. Keller, on behalf of her minor son, allege entitlement to damages for loss of consortium. Trooper Messina and the State of Louisiana, Department of the State Police were named as defendants.

Mrs. Keller filed a motion for partial summary judgment on the issue of fault. The trial court granted the summary judgment, entering judgment against the defendants and observing that Trooper Messina "is solely at fault for this accident."

The defendants appeal, asserting that genuine issues of material fact preclude the entry of summary judgment.

## Discussion

The defendants do not question the determination that, as the following vehicle, Trooper Messina was at fault in causing the rear-end accident. However, the defendants argue that summary judgment on the issue of liability was inappropriate insofar as it found that there was no fault on the part of Mrs. Keller. In particular, the defendants contend that genuine issues of material fact exist as to whether Mrs. Keller stopped too quickly or whether she appropriately signaled her intention to turn.

Louisiana Code of Civil Procedure Article 966(B) provides, in part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Paragraph C(2) sets forth the burden of proof applicable to the motion for summary judgment, providing:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

2

On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the *de novo* standard of review. *Jones v. Estate of Santiago*, 03-1424 (La. 4/14/04), 870 So.2d 1002.

With regard to the defendants' liability for the accident, La.R.S. 32:81(A) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle, and the traffic upon and the condition of the highway." In *Mart v. Hill*, 505 So.2d 1120, 1123 (La.1987), the Louisiana Supreme Court referenced the jurisprudential precept that "a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La.[R.S.] 32:81 and hence is presumed negligent."

In light of this guidance regarding a following motorist's conduct, Trooper Messina's fault in the causation of the accident is established and in the defendants' brief to this court, it is observed that the trial court's finding of fault on the part of Trooper Messina appears appropriate. The defendants' point of contention is whether genuine issues of material fact exist with regard to whether Mrs. Keller was also at fault in causing the accident insofar as she may have stopped too quickly or failed to adequately signal her intention to turn.[1]

---

[1] Louisiana Revised Statutes 32:104 provides, in part, that:

B.     Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

C.     No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

The defendants pose a number of questions they suggest remain unanswered which could indicate that Mrs. Keller breached the standard of conduct required of her. However, their assertions are not supported by the evidence, and there is no indication that the defendants will be able to demonstrate comparative fault on the part of Mrs. Keller at trial. *See* La.Civ.Code art. 2323.[2]

Mrs. Keller introduced her own deposition in which she stated that she had engaged her turn signal indicating her intention to turn left. The defendants lack evidence to contravene this statement. Although Trooper Messina explained that he did not see Mrs. Keller's turn signal activated, he denied that he was able to state whether it was or was not activated. Furthermore, upon questioning by counsel regarding Mrs. Keller's role in the accident, he responded as follows:

> Q. Okay. In your opinion, was there anything that my client did to contribute to the accident?
>
> A. In my opinion?
>
> Q. Yes, sir.
>
> A. She - - I think she stopped quick. I was - - I was probably about three car lengths from her the last time I saw her. A truck passed; I looked up; and when I looked up again, she was stopping. That's the only thing that I - - I mean, I know I hit her in the rear; and I know what the law is in the State of Louisiana. And the only thing I say is she stopped real quick. That's just my opinion.

---

[2] The alleged fault of Mrs. Keller is relevant due to the requirements of La.Civ.Code art. 2323(A), which provides:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

4

Trooper Messina explained that, due to the accident, he was unable to interview Mrs. Keller or conduct the investigation of the accident and thus, he could offer no testimony regarding his initial impression that the driver of the vehicle may have been incapacitated.

As Trooper Messina's deposition indicates, the defendants offer only speculation as to potentially negligent conduct by Mrs. Keller. Such speculation is insufficient to rebut Mrs. Keller's evidence that she was free from fault in causing the accident. *See Jones*, 870 So.2d 1002 (wherein the Louisiana Supreme Court discussed the inadequacy of speculation as a basis for defeating a motion for summary judgment). *See also Babin v. Winn-Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37. This speculation, without more, fails to indicate that the defendants will be able to demonstrate at trial that Mrs. Keller was comparatively at fault in causing the accident. The motion for partial summary judgment was appropriately granted.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendants, Salvador Messina and the State of Louisiana, Department of State Police in the amount of $327.50.

**AFFIRMED.**