NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-7

TIMOTHY PAUL DESCANT

VERSUS

LOUISIANA FARM BUREAU CASUALTY
INSURANCE CO., ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NUMBER 266,512, DIVISION F
HONORABLE DAVID M. WILLIAMS, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Chief Judge Sylvia R. Cooks, Elizabeth A. Pickett, Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

AFFIRMED.

COOKS, Chief Cooks, J., concurs and assigns written reasons.
PERRY, J., dissents and assigns written reasons.

**Michael L. Glass**
**1733 White Street**
**Alexandria, Louisiana 71301**
**(318) 484-2917**
**Counsel for Plaintiff/Appellee:**
       **Timothy Paul Descant**

**David A. Johnson, Assistant Attorney General (Trial Counsel)**
**Tiffany W. Mixon, Assistant Attorney General (Trial Counsel)**
**Louisiana Department of Justice**
**Litigation Division**
**900 Murray Street, Suite B-100B**
**Alexandria, Louisiana 71301**
**(318) 487-5944**
**Counsel for Defendants/Appellants:**
       **Justin Albert Opdenhoff and the State of Louisiana,**
       **through the Department of Public Safety and Corrections**

**Jeff Landry, Attorney General**
**Amber Mandina Babin, Assistant Attorney General (Appellate Counsel)**
**Louisiana Department of Justice**
**Litigation Division**
**1450 Poydras Street, Suite 900**
**New Orleans, Louisiana 70112**
**(504) 599-1200**
**Counsel for Defendants/Appellants:**
       **Justin Albert Opdenhoff and the State of Louisiana,**
       **through the Department of Public Safety and Corrections**

**Walter J. Saucier, Jr.**
**2220 Shreveport Highway**
**Pineville, Louisiana 71360**
**(318) 473-4146**
**Counsel for Defendant/Plaintiff in Cross-Claim/Intervenor/Appellee:**
       **Frankie Wayne Gaspard**

**Joe Payne Williams**
**Payne Williams**
**Williams Family Law Firm LLC**
**162 Jefferson Street**
**Natchitoches, Louisiana 71458**
**(318) 352-69995**
**Counsel for Defendant/Appellee:**
       **Louisiana Farm Bureau Casualty Insurance Company**

**WILSON, Judge.**

Defendants, Justin Albert Opdenhoff (Opdenhoff) and the State of Louisiana, through the Department of Public Safety and Corrections (LA DPS&C), appeal the trial court's grant of the motion for partial summary judgment on the issue of liability filed on behalf of Frankie Wayne Gaspard (Gaspard), Plaintiff in Cross-Claim and Intervenor. We affirm the trial court's ruling.

I.

## ISSUES

In this case, we must decide whether the trial court erred in granting Plaintiff's motion for partial summary judgment on the issue of liability where Defendants allege that there exist genuine issues of material fact regarding:

1. Whether Plaintiff was speeding when the crash occurred;

2. Whether Plaintiff's speed was a causative factor for the accident;

3. Whether Plaintiff's speed could have increased the severity of damages and injury in the accident;

4. Whether a reasonable jury could apportion Plaintiff some percentage of fault for the accident.

II.

## FACTS AND PROCEDURAL HISTORY

The accident that is the subject of this litigation occurred on December 10, 2018, at the intersection of Louisiana Highway 107 and Hayes Cemetery Road in Avoyelles Parish, Louisiana. The intersection is controlled by a stop sign on Hayes Cemetery Road.

Timothy Paul Descant (Descant) was a passenger in a 2014 Ford F-150 truck, which was being driven by Frankie Wayne Gaspard (Gaspard). The truck was owned by Ross Shipping, LLC (Ross). Both Descant and Gaspard were employees

of Ross. The truck was traveling southbound on Louisiana Highway 107 when it was hit by a 2005 Chevrolet Impala, which was being driven by Justin Albert Opdenhoff (Opdenhoff). The Impala was owned by Opdenhoff's employer, LA DPS&C. Opdenhoff, who was traveling eastbound on Hayes Cemetery Road, stopped at the stop sign before he turned left and collided with the truck in the southbound lane of Louisiana Highway 107.

This litigation began with the filing of a petition for damages by Descant. Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), as the insurer of Ross; Opdenhoff; LA DPS&C; and Gaspard were named as defendants. Descant alleged damages less than $50,000.00. In response to the petition, Gaspard and his wife[1] filed an answer along with a cross-claim and petition for intervention. Gaspard alleged that his damages exceeded $50,000.00. Opdenhoff and LA DPS&C filed general denials to Descant's petition and to Gaspard's cross-claim and intervention. Opdenhoff and LA DPS&C asserted the limitation of damages against the State pursuant to La.R.S. 13:516 and also asserted the affirmative defense of comparative fault.

Gaspard filed a motion for partial summary judgment seeking a declaration that Opdenhoff was one hundred percent (100%) at fault in causing the subject accident. Gaspard's motion also sought to establish that the policy limit of the Office of Risk Management (ORM) was $5,000,000.00 and that the policy limits of Farm Bureau's uninsured/underinsured motorist coverage were $100,000.00/$300,000.00. Finally, the motion sought a declaration that Farm Bureau was solidarily liable with Opdenhoff and LA DPS&C. Gaspard alleged that there were no genuine issues of material fact because the evidence and

_____

[1] The loss of consortium claim alleged by the Gaspards was dismissed with prejudice by a judgment signed on December 22, 2020, following the filing of a motion to dismiss on her behalf.

2

deposition testimony showed that Gaspard was driving in the correct lane of Louisiana Highway 107, within the speed limit, and that, based on Opdenhoff's deposition testimony, the driver's side window of the Impala was inoperable, tinted, and frosted over to the point that Opdenhoff was unable to see out of the window.

In opposition to the motion, Opdenhoff and LA DPS&C retained the services of an accident reconstructionist, Eric Burson (Burson). Burson submitted an affidavit in which he opined that if Gaspard was indeed traveling between forty (40) and forty-five miles per hour (45 mph)[2] as he testified, then the crash would have been avoided because based on LDRR software, which predicts the average perception response time; post-impact distance traveled; and the length of the vehicles, Opdenhoff "would have needed approximately one additional second to clear the lane ahead of" Gaspard. Burson opined that Gaspard was driving approximately sixty-eight miles per hour (68 mph). Therefore, Opdenhoff and LA DPS&C asserted that there was a genuine issues of material fact as to whether Gaspard was speeding and whether that contributed to the accident. Burson's affidavit did not address either the condition of the driver's side window in the Impala at the time of the accident or the effect that the window's condition might have had in causing the accident. Burson did not go to the scene of the accident, and all of his opinions are based on photographs of the scene.

A hearing on Gaspard's motion for partial summary judgment was held on July 19, 2021.[3] The trial court took the matter under advisement and asked for additional briefing. On October 18, 2021, the trial court issued a ruling that granted the motion as to liability and apportioned no fault to Gaspard. Following that judgment, LA DPS&C requested written reasons for ruling, but no written

---

[2] The posted speed limit was forty-five miles per hour (45 mph).

[3] Descant, through his attorney, waived his appearance at this hearing.

3

reasons were issued. Then, on November 3, 2021, upon Gaspard's motion, the trial court issued an amended judgment, which found that: (1) Opdenhoff was one hundred percent (100%) at fault in causing the subject accident; (2) the ORM Self Insurance Fund afforded total exclusive underlying liability policy limits of $5,000,000.00 per accident; and (3) Farm Bureau issued uninsured/underinsured motorist coverage to Gaspard in the amount of $100,000.00 per accident, as well as medical payments coverage in the amount of $5,000.00. The judgment was certified as final and appealable. Opdenhoff and LA DPS&C timely appealed that judgment.

## III.

## STANDARD OF REVIEW

"The standard of review on a motion for summary judgment is de novo." *Johnson v. Allstate Prop. & Cas. Ins. Co.*, 21-552 (La. App. 3 Cir. 4/27/22), ___ So.3d. ___.

## IV.

## LAW AND DISCUSSION

Opdenhoff and LA DPS&C contend that the motion for partial summary judgment on the issue of liability was improperly granted by the trial court because there are genuine issues of material fact regarding whether Gaspard was at fault for driving in excess of the posted speed limit at the time of the accident. Opdenhoff and LA DPS&C also argue that the trial court erred in weighing the conflicting testimony about the speed of Gaspard's vehicle since speed is alleged to be a material issue of disputed fact. Opdenhoff and LA DPS&C assert that Burson's affidavit establishes that Gaspard was driving about sixty-eight miles per hour (68 mph) and that if Gaspard had not been speeding and had been more attentive to his surroundings, he would have had time to take evasive action to avoid this accident.

4

When a motorist is confronted with a stop sign, legally located at an intersection, it is his duty to bring his vehicle to a complete stop, to appraise traffic in the intersecting street, and to make certain that the way is clear for him to make a safe passage across the intersection before he enters it. When a motorist stops his vehicle before entering a right-of-way street, he has performed only half of the duty which the law has imposed upon him. To stop and then proceed in the immediate path of oncoming vehicles constitutes gross negligence.

*Hebert v. Travelers Ins. Co.*, 179 So.2d 513, 517 (La.App. 3 Cir. 1965). "An on-coming motorist has a right to assume that a left-turning motorist will yield the right of way." *Vincent v. Nat'l Gen. Ins. Co.*, 21-227 (La.App. 5 Cir. 10/13/21).

Opdenhoff testified at deposition as follows:

Q. Is what you're telling me is the combination of the tinted windows and the frost, because it was in the winter months, on the window, you were unable to see to the left or to the north?

A. Yes, sir. And also, the window did not work to roll down.

. . . .

Q. Okay. Did your employer know that the window was broken in the car and would not roll down?

A. Yes, sir.

Q. Had any effort been, or any action been taken to repair[] that situation?

A. No.

. . . .

Q. And that was reported to him [the fleet manager at the Alexandria probation office] before this accident occurred?

A. Yes.

. . . .

Q. . . . .
You told the police officer you were not able to see the Gaspard vehicle, and you did not see him prior to the impact?

A. Correct.

5

Q.   And so if I were to ask you where he was at any given point before the collision, you could not tell me could you?

A.   I could not tell you.

Q.   And if I were to ask you in what manner he was driving or how fast he was driving, since you didn't see him, you couldn't tell me that either.

A.   I could not.

Opdenhoff further testified that he reported the problem with the window approximately eighteen (18) months before the accident.

Gaspard and Descant both testified in deposition that Gaspard was driving within the posted speed limit. Gaspard further contends that Burson's affidavit is defective because Burson does not use reliable methodology.[4] But, even considering Burson's affidavit and his opinion that Gaspard was traveling at sixty-eight miles per hour (68 mph), "the fact that a motorist involved in an accident was speeding does not in and of itself require a finding of liability." *Matthews v. Arkla Lubricants Inc.*, 32,121, p. 4 (La.App. 2 Cir. 8/18/99), 740 So.2d 787, 793.

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2).

---

[4] Pursuant to La.Code Civ.P. art. 966(D)(2), in a reply to the opposition to the motion for partial summary judgment, Gaspard objected to the introduction of Burson's affidavit into evidence on the grounds that the affidavit was not based on facts and was instead based on unsupported assumptions and speculation. In *Keller v. Messina*, 05-745, p. 5 (La.App. 3 Cir. 2/1/06), 921 So.2d 1162, 1165, this court determined that the defendant's opposition to the plaintiff's motion for summary judgment consisted of "only speculation as to potentially negligent conduct by" the plaintiff. This court concluded that "[t]his speculation, without more, fails to indicate that the defendants will be able to demonstrate at trial that [the plaintiff] was comparatively at fault in causing the accident." *Id.*

The trial court heard arguments from counsel and concluded that Burson's affidavit should be admitted. Gaspard did not seek review of this ruling by means of an application for supervisory writ or by filing an answer to this appeal. In his brief to this court, Gaspard asks us to consider his objection to Burson's affidavit. However, pursuant to La.Code Civ.P. art. 2133, an appellee who seeks to have a judgment modified, must file an answer to the appeal. "Failure to appeal or answer an appeal precludes this court's review of any issues asserted solely in brief." *Don Smart & Associates-Century 21 v. Lanier Bus. Prod.*, 551 So.2d 665, 672 (La.1989). *See also*, *Groff v. Sw. Beverage Col, Inc.*, 08-625 (La.App. 3 Cir. 11/5/08), 997 So.2d 782.

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764, 765. "Simply put, a 'material' fact is one that would matter on the trial on the merits." *Kasem v. State Farm Fire & Cas. Co.*, 16-217, p. 8 (La.App. 1 Cir. 2/10/17), 212 So.3d 6, 8.

Based on Opdenhoff's testimony that he could not see out of the driver's side window of the Impala, we find that the speed of Gaspard's vehicle is not a genuine issue of material fact. It does not matter if Gaspard was driving forty to forty-five miles per hour (40-45 mph) or sixty-eight miles per hour (68 mph) if Opdenhoff could not see Gaspard's vehicle at all. For that reason, we find that the trial court did not err in granting the motion for partial summary judgment as to liability.

## V.

## CONCLUSION

We find that Gaspard presented sufficient evidence on the motion for partial summary judgment that Opdenhoff was one hundred percent (100%) at fault in causing the subject accident. Burson's affidavit as to Gaspard's speed does not create a genuine issue of material fact because Opdenhoff breached his duty as left turning motorist whether Gaspard was driving forty to forty-five miles per hour (40-45 mph) or sixty-eight miles per hour (68 mph). *See Mills v. Smith*, 19-812 (La.App. 3 Cir. 4/8/20) (unreported decision). For these reasons, we affirm the trial court's grant of the motion for partial summary judgment. All costs of this

7

appeal are assessed to Appellants, Justin Albert Opdenhoff and the State of Louisiana, through the Department of Public Safety and Corrections.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

TIMOTHY PAUL DESCANT

VERSUS

LOUISIANA FARM BUREAU CASUALTY
INSURANCE CO., ET AL.

**COOKS, Chief Judge, Concurs.**

I concur in the result reached by the majority to affirm the grant of summary judgment, although for different reasons. I do not agree with the majority's assertion that it "does not matter if Gaspard was driving forty to forty-five miles per hour (40-45 mph) or sixty-eight miles per hour (68 mph) if Opdenhoff could not see Gaspard's vehicle at all." If there were genuine issues of fact as to whether the Gaspard vehicle was traveling at an excessive rate of speed, summary judgment would not be appropriate as more than one party can be at fault for an accident. In *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 02-563 (La. 10/15/02), 828 So.2d 530, the supreme court recognized that courts are required to allocate fault to all actors regardless of the theory of liability applicable to each actor. Certainly, a vehicle that is traveling at an excessive rate of speed can contribute to the cause of an accident and to the severity of an accident. However, for the reasons that follow I find there was nothing in the record before us to create a genuine issue of material fact as to whether the Gaspard vehicle was speeding.

I find the last-minute expert report of the State's accident reconstructionist, Mr. Burson, was so contrary to established fact and scientifically unreliable that it does not serve to create a genuine issue of material fact as to whether Mr. Gaspard's vehicle was speeding. The uncontradicted facts in the record, established by the sworn testimony of all the parties involved in the accident, as well as the State

Trooper who investigated the accident at the scene, are that Mr. Gaspard was not traveling over the speed limit. Mr. Gaspard and Mr. Descant both gave sworn testimony that the Gaspard vehicle was traveling within the posted speed limit. Mr. Opdenhoff at no time asserted that the Gaspard vehicle was speeding. The State Trooper gave sworn testimony that during his investigation of the accident site, he identified the point of impact in the roadway, then personally measured the post-collision distance the Gaspard vehicle traveled (230 feet) after impact, and determined he was not driving over the posted speed limit. Although Mr. Burson never went to the accident site and used only Google maps and photos from the accident scene, he somehow determined the Gaspard vehicle traveled 257 feet after impact rather than the 230 feet personally measured at the scene by the State Trooper. This figure allowed Mr. Burson to then conclude the Gaspard vehicle had been traveling over the posted speed limit. I cannot find such obviously questionable methodology of using an internet mapping program and photos that *suggested* the approximate point of impact and final resting area of the vehicle over *actual* measurements taken from the point of impact to the final resting area by a trained state trooper, who is an independent party, creates a genuine issue of material fact as to the issue of speeding. For that reason, I concur in the majority's affirmance of the trial court's grant of summary judgment.

TIMOTHY PAUL DESCANT

VERSUS

LOUISIANA FARM BUREAU CASUALTY
INSURANCE CO., ET AL.

PERRY, Judge, dissenting.

The issue before this Court is whether a motion for partial summary judgment should have been granted, when the opposing party has presented an affidavit of an expert forensic accident reconstructionist into the record? I submit it should not have been granted.

As such, I respectfully dissent from the majority's opinion that Frankie Wayne Gaspard ("Gaspard"), Plaintiff in Cross-Claim and Intervenor, is entitled to partial summary judgment finding Justin Albert Opdenhoff ("Opdenhoff") 100% liable for causing the accident in this case. In my view, the trial court erred in granting Gaspard's motion for partial summary judgment.

When considering a motion for summary judgment, courts are not to evaluate the weight of the evidence, but to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. Though the use of the summary judgment procedure is favored, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050. *See also Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257, p. 17 (La. 2/29/00), 755 So.2d 226, 236

(noting the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion)".

In this case, Gaspard sought judgment declaring Opdenhoff to be 100% at fault in causing the subject accident. The defendants opposed the motion, alleging Gaspard was driving in excess of the speed limit and, thus, shares liability for causing the accident herein. The defendants offered the affidavit of an expert forensic accident reconstructionist Eric Burson ("Burson"), which was accepted into the record. Although Gaspard testified he was traveling between forty to forty-five miles per hour, Burson's calculations estimated that Gaspard was driving approximately sixty-eight miles per hour in a forty-five mile per hour speed zone when his vehicle collided with Opdenhoff's vehicle.

In concluding that Burson's opinion as to Gaspard's speed does not create a genuine issue of material fact, the majority herein cites *Mills v. Smith*, 19-812 (La.App. 3 Cir. 4/8/20) (unpublished opinion). Clearly, I interpret *Mills* differently from my colleagues in the majority because, in my view, this court's holding in *Mills* supports a **denial** of summary judgment in this matter before us.

Unlike Gaspard in the present case, the plaintiff in *Mills* submitted with her motion for summary judgment the affidavit from an expert that established the defendant's fault, and the lack of fault on the part of the plaintiff. This court found, although the defendant claimed that the plaintiff was traveling at least seventy-five miles an hour, the defendant was not established as an expert, and his opinion testimony did not constitute sufficient evidence to rebut the expert analysis performed by the plaintiff's expert.

Applied to the facts in this case, it is not Opdenhoff who has personally opined as to the speed Gaspard was traveling when the accident occurred; rather, that opinion came from a forensic accident reconstruction expert. Gaspard offered

2

nothing more than subjective testimony that he was not speeding. Like the defendant in *Mills*, Gaspard is not an expert, and his opinion testimony did not constitute sufficient evidence to rebut the expert analysis performed by Burson, the defendants' expert in this case. It should be noted Gaspard presented no expert.

For these reasons, I find genuine issues of material fact are indeed present. I believe reasonable people could disagree on the disputed question of the speed at which Gaspard was traveling when the accident occurred and whether that speed contributed to the accident and resulting damage.

For these reasons, I dissent from the majority opinion and would reverse the trial court's grant of partial summary judgment which was in favor of Plaintiff in Cross-Claim and Intervenor, Frankie Wayne Gaspard.